UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC STONE-DUNLAP,

        Petitioner,

v.                              CAUSE NO. 3:20-CV-56-DRL-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Eric Stone-Dunlap, a prisoner without a lawyer, filed a habeas corpus petition arguing that the prison officials applied retroactively the Deprived Credit Time Restoration provisions of The Disciplinary Code for Adult Offenders, 02-04-101 (effective March 1, 2015) to his previous losses of Earned Credit Time, in violations of the United States Constitution. However, before a federal district court may grant habeas corpus relief, the petitioner must have exhausted his claims in the state courts. 28 U.S.C.A. § 2254(b)(1). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Here, it is implausible to infer from the habeas corpus petition that Mr. Stone-Dunlap has presented his claims to the Indiana courts.

Indiana courts will adjudicate whether the retroactive application of earned credit time restoration provisions violate the Constitution. In *Young v. Indiana Dept. of Correction*, 22 N.E.3d 716, 719 (Ind. Ct. App. 2014), the Indiana Court of Appeals held "that Section IX.E–9(d) of the DOC's Disciplinary Code for Adult Offenders, which limits restoration of credit time to credit time deprived during an offender's current sentence, does not violate the Equal Protection Clause of the Fourteenth Amendment or Article 1, Section 23 of the Indiana Constitution as the policy applies to offenders serving consecutive sentences." *Id.* at 719. *Young* demonstrates Indiana courts will adjudicate the *ex*

*post facto* claim raised here. Because this claim has not been presented to the Indiana courts, it is unexhausted. Therefore habeas corpus relief is unavailable and this petition must be dismissed without prejudice so Mr. Stone-Dunlap can present it to the state courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, because Mr. Stone-Dunlap is not challenging his state court conviction, the one-year period of limitation in 28 U.S.C. § 2244(d) does not apply. *See Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002) ("[T]he custody he is challenging, as distinct from the custody that confers federal jurisdiction, is the additional two years of prison that he must serve as the result of the 'judgment' not of a state court but of the prison disciplinary board."). Dismissing this case will not effectively end his chance at habeas corpus review because he will still have time to file a new habeas corpus case (if necessary) after he finishes exhausting this claim by presenting it to the Indiana Supreme Court. Therefore a stay would not be appropriate.

If Mr. Stone-Dunlap wants to appeal this decision, he does not need a certificate of appealability because he is not challenging his conviction. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court:

1. DISMISSES this case WITHOUT PREJUDICE because the claim is unexhausted;

2. DENIES leave to Eric Stone-Dunlap to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3); and

3. DIRECTS the Clerk to enter judgment and close this case.

SO ORDERED.

March 31, 2020                              *s/ Damon R. Leichty*
                                            Judge, United States District Court